IN THE UNITED STATES DISTRICT COURT FOR THE
NORTHERN DISTRICT OF FLORIDA
TALLAHASSEE DIVISION

WILLIE C. CUYLER,

    Plaintiff,

v.                                      CASE NO. 4:13cv473-RH/CAS

JEFFERSON COUNTY SHERIFF
DEPARTMENT et al.,

    Defendants.

_____/

## ORDER OF DISMISSAL

This case is before the court on the magistrate judge's report and recommendation, ECF No. 5, and the objections, ECF No. 8. I have reviewed *de novo* the issues raised by the objections. The recommendation is for dismissal of the amended complaint on the court's own motion for failure to state a claim on which relief can be granted.

A plaintiff may be entitled to notice and an opportunity to be heard prior to a dismissal on the court's own motion. *See*, *e.g.*, *Am. United Life Ins. Co. v. Martinez*, 480 F.3d 1043, 1069 (11th Cir. 2007); *Danow v. Borack*, 197 F. App'x 853, 856, 2006 WL 2671928, at *3 (11th Cir. 2006) (unpublished); *see also*

*Jefferson Fourteenth Associates v. Wometco de Puerto Rico, Inc.*, 695 F.2d 524 (11th Cir. 1983). Here the report and recommendation gave the plaintiff adequate notice, and he had an opportunity to be heard by filing objections.

Whether a complaint states a claim on which relief can be granted is determined based on standards set out in a growing line of cases. *See, e.g.*, *Ashcroft v. Iqbal*, 556 U.S. 662 (2009); *Erickson v. Pardus*, 551 U.S. 89 (2007); *Bell Atlantic Corp. v. Twombly*, 550 U.S. 544 (2007).

The linchpin of the plaintiff's claims is that the State of Florida cannot constitutionally require him to have a driver's license and to register his vehicle as a prerequisite to driving for noncommercial purposes on the public roads. The assertion is frivolous. A state may license drivers in an effort to keep incompetent drivers off the roads. A state may license vehicles for a variety of reasons that include raising revenues to maintain public roads.

This order affords the plaintiff one further opportunity to amend. If the plaintiff chooses to file a second amended complaint, it must include a "short and plain statement of the claim showing that [the plaintiff] is entitled to relief," Fed. R. Civ. P. 8(a)(2). The plaintiff need not file a second amended complaint as a prerequisite to an appeal on the issue of whether the State of Florida may constitutionally require him to have a driver's license and to license his vehicle

prior to driving the vehicle on the public roads. The ruling on that issue will not be reconsidered.

For these reasons and those set out in the report and recommendation,

IT IS ORDERED:

The amended complaint is dismissed. The plaintiff is granted leave to file a second amended complaint by February 20, 2014. The clerk must refer any second amended complaint directly to me, not to the magistrate judge.

SO ORDERED on January 23, 2014.

          s/Robert L. Hinkle
          United States District Judge